IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN McBRIDE,

            Plaintiff,

   v.                               CIV. NO. S-05-1227 LKK/CMK

NORTHEASTERN RURAL HEALTH
CLINICS, INC; and SEAN BUEHLER, DDS,

            Defendants.
_____/

SHALENE THOMAS,

            Plaintiff,

   v.                               CIV. NO. S-05-1234 FCD/PAN

NORTHEASTERN RURAL HEALTH
CLINICS, INC., et al.,          <u>RELATED CASE ORDER</u>

            Defendants.
_____/

    Examination of the above-entitled actions reveals that the two (2) actions are related within the meaning of Local Rule 83-123(a) (E.D. Cal. 1997). The actions involve some of the same parties, and are based on the same or similar claims, similar questions of fact and the same question of law.

1

1     Accordingly, the assignment of the matters to the same judge and magistrate judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

    The parties should be aware that relating the cases under Local Rule 83-123 merely has the result that the two (2) actions are assigned to the same judge and magistrate judge; no consolidation of the actions is effected.  Under the regular practice of this court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned.

    IT IS THEREFORE ORDERED that the action denominated CIV. NO. S-05-1234 FCD/PAN be, and the same hereby is, reassigned to Judge Lawrence K. Karlton and Magistrate Judge Craig M. Kellison for all further proceedings, and any dates currently set in this reassigned case <u>only</u> are hereby VACATED.  The parties are referred to the attached Order Setting Status (Pretrial Scheduling) Conference. Henceforth, the caption on documents filed in the reassigned case shall be shown as CIV. NO. S-05-1234 LKK/CMK.

    IT IS FURTHER ORDERED that the Clerk of the Court make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

    DATED:  November 18, 2005

                            /s/Lawrence K. Karlton
                            LAWRENCE K. KARLTON
                            SENIOR JUDGE
                            UNITED STATES DISTRICT COURT

1 **STATSET.LKK (rev. 12/00)**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

_____,

     Plaintiff(s),

 v.

_____,

     Defendant(s).
_____/

NO. CIV. S-_____ LKK

**ORDER SETTING STATUS (PRETRIAL SCHEDULING) CONFERENCE**

    This action has been assigned to the Honorable LAWRENCE K. KARLTON.  Pursuant to the provisions of Federal Rule of Civil Procedure 16, as amended December 1, 1993, IT IS HEREBY ORDERED that:

    1.   A Status (Pretrial Scheduling) Conference is **SET** for January 17, 2006 at 2:30 p.m., before Judge Karlton in Chambers/Courtroom No. 4.

////

////

////

3

1     2.   In order to enable the court to comply with the 120-day
2 time limit specified in Fed. R. Civ. P. 16(b), plaintiff SHALL
3 COMPLETE SERVICE OF PROCESS ON ALL PARTIES WITHIN FORTY-FIVE (45)
4 DAYS OF THE DATE OF FILING THE COMPLAINT HEREIN.
5     3.   Concurrently with the service of process, or as soon
6 thereafter as possible, **plaintiff shall serve upon each of the**
7 **parties named in the complaint, and upon all parties subsequently**
8 **joined,** <u>**a copy of this order**</u>, and shall file with the clerk a
9 certificate reflecting such service.  Any party who impleads a
10 third-party defendant shall serve upon that party a copy of this
11 order, and shall file with the clerk a certificate reflecting such
12 service.
13     4.   In the event that this action was reassigned to Judge
14 Karlton from another judge, **plaintiff shall serve upon all parties**
15 **to this action** <u>**a copy of this order**</u>, and shall file with the clerk
16 a certificate reflecting such service.
17     5.  Any non-governmental corporate party to an action in this
18 court shall file a statement identifying all its parent
19 corporations and listing any publicly held company that owns 10%
20 or more of the party's stock.  Defendant shall file the statement
21 with its initial pleading filed in the court and plaintiff shall
22 file the statement not later than ten (10) days after filing the
23 complaint.  The parties shall supplement the statement within a
24 reasonable time of any change in the information.
25     6.   In the event this action was originally filed in a state
26 court and thereafter removed to this court, **the removing party or**

4

1 **parties shall, immediately following such removal, serve upon each**
2 **of the other parties and upon all parties subsequently joined, <u>a</u>**
3 **<u>copy of this order</u>**, and shall file with the clerk a certificate
4 reflecting such service.
5     7.    All parties to the action shall appear at the Status
6 Conference through counsel (**or in person, if acting without**
7 **counsel**).  UNLESS SPECIFICALLY DIRECTED OTHERWISE, COUNSEL LOCATED
8 OUTSIDE THE COUNTY OF SACRAMENTO MAY APPEAR BY TELEPHONE, PROVIDED
9 THAT:
10     (a)  **THE ACTION DOES NOT INVOLVE A LITIGANT APPEARING <u>IN</u>**
11 **<u>PROPRIA</u> <u>PERSONA</u>**.  **IN SUCH CASES, ALL COUNSEL AND LITIGANTS MUST**
12 **PERSONALLY APPEAR**; and
13     (b)  COUNSEL STATE IN THEIR TIMELY-FILED STATUS REPORTS
14 AS REQUIRED BY THIS ORDER THEIR DESIRE TO SO APPEAR, AND THEREIN
15 PROVIDE THE TELEPHONE NUMBER THEY WILL BE CALLING FROM; and
16     (c)  **PLACE THE CALL TO CHAMBERS THEMSELVES BY CALLING**
17 **(916) 930-4130, AT EXACTLY THE TIME THE CONFERENCE IS SCHEDULED TO**
18 **BEGIN**.  IF MORE THAN ONE PARTY DESIRES TO APPEAR BY TELEPHONE,
19 COUNSEL MUST MAKE ARRANGEMENTS AMONG THEMSELVES TO SET UP THE
20 CONFERENCE CALL AT THE SCHEDULED TIME **WITH ALL PARTICIPANTS ON THE**
21 **LINE BEFORE CALLING CHAMBERS**.  A FAILURE TO PLACE THE TELEPHONE
22 CALL AT THE APPROPRIATE TIME WILL BE TREATED AS A FAILURE TO APPEAR
23 AND MAY SUBJECT COUNSEL TO SANCTIONS.
24     8.    The parties shall file with the court and serve upon all
25 other parties, not later than 4:30 p.m., ten (10) days preceding
26 the conference, a Status Report.  **ANY PARTY FAILING TO FILE A**

**TIMELY STATUS REPORT PURSUANT TO THIS ORDER MAY BE SUBJECTED TO MONETARY SANCTIONS AND/OR THE DISMISSAL OF THE COMPLAINT OR STRIKING OF THE ANSWER.** The Status Report shall briefly set out the views of the party making the report on the following matters:

    (a)  Name(s) of the parties counsel represents;

    (b)  A brief summary of the facts alleged in each complaint and a characterization of the legal theories under which recovery is sought or liability denied.  The characterization of the legal theories does not require legal argument, but only a description of the legal theory (or theories);

    (c)  Progress in the service of process;

    (d)  Possible joinder of additional parties;

    (e)  Any expected or desired amendment of pleadings;

    (f)  Specifying the statutory basis for jurisdiction and venue;

    (g)  Anticipated motions and the scheduling thereof;

    (h)  Anticipated discovery and the scheduling thereof.  In this regard, the parties shall discuss whether deferral of discovery pursuant to Fed. R. Civ. P. 26(d) is appropriate, any order affecting discovery pursuant to Fed. R. Civ. P. 26 and 29-37 is desired, and whether a discovery conference under Fed. R. Civ. P. 26(f) should be held;

    (i)  Future proceedings, including setting appropriate cut-off dates for discovery, law and motion, and the scheduling of the pretrial conference and trial;

////

(j) Appropriateness of special procedures such as agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c), or reference to a special master, or to the Judicial Panel on Multidistrict Litigation, or application of the Manual for Complex Litigation, binding arbitration in Superior Court;

(k) Whether any of the parties has timely demanded a trial by jury;

(l) Estimate of trial time;

(m) Modification of standard pretrial procedures specified by the local rules due to the relative simplicity or complexity of the action;

(n) Whether the case is related to any other case, including any matters in bankruptcy;

(o) Whether counsel will stipulate to the trial judge acting as settlement judge and waive any disqualification by virtue thereof, or whether the parties prefer to have a settlement conference before another judge;

(p) The report of the parties concerning use of the Voluntary Dispute Resolution Program pursuant to Local Rule 16-271;

(q) Any other matters which may be conducive to the just, efficient, and economical determination of the action.

Following the Status (Pretrial Scheduling) Conference, the court will issue a written order regarding the future course of this litigation.

////

9.  Requests for continuance of Status Conferences are not favored and will not be granted in the absence of a true emergency and, in any event, **will not be entertained unless made <u>in writing</u> at least THREE (3) DAYS prior to the scheduled conference.**

10. At the time of filing a motion or an opposition thereto, counsel are requested to deliver to the court a copy on a 3½" floppy disk compatible with WordPerfect 8.0 or e-mail a copy to the Judge's Assistant, Tim Hinkle, at thinkle@caed.uscourts.gov.

11. Counsel are hereby reminded of their continuing duty to immediately notify the Courtroom Deputy at (916) 930-4133 and the Judge's Chambers in writing, of any settlement or other disposition (Local Rule 16-160).

IT IS SO ORDERED.

DATED:  November 18, 2005

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT